The document below is hereby signed.

Signed: July 8, 2013



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| BT GEORGIA AVENUE, LLC, | ) | Case No. 10-00115 |
| | ) | (Chapter 7) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION RE DEBTOR'S MOTION TO CERTIFY
ISSUES ON APPEAL AND EXTEND TIME FOR FILING NOTICE OF APPEAL

This addresses the *Debtor's Motion to Certify Issues on Appeal and Extend Time for Filing Notice of Appeal*. The *Motion* concerns the debtor's desire to appeal the order converting this case from chapter 11 to chapter 7. The *Motion* (1) views that order to be an interlocutory order; (2) seeks to have this court certify issues for appeal; and (3) seeks to have this court grant an extension of the time to file a notice of appeal.

I

On December 19, 2011, the court confirmed the debtor's plan under chapter 11 of the Bankruptcy Code. On March 26, 2013, the District of Columbia Water and Sewer Authority ("DC Water") filed a motion to convert the case to chapter 7, alleging, among other things, that the debtor had neglected timely to pay amounts owed

under the confirmed plan on DC Water's Class 2 prepetition secured claim, and had failed to pay substantial postpetition water bills.

By the time of the May 2, 2013 hearing on the motion, the debtor had still not cured its defaults under the plan regarding DC Water's Class 2 prepetition claim.  Moreover, the testimony of the debtor's principal, Brett Tate, at the May 2, 2013 hearing that the debtor had been unaware of the outstanding water bills, in excess of $56,000, spanning a year and a half, was disingenuous, especially in light of the testimony and evidence to the contrary presented by DC Water.  Even if Tate's testimony had been believed in that regard, it would have demonstrated gross mismanagement in not keeping on top of the debtor's postpetition obligations.  As to the debtor's contention that the bills were excessive, no credible testimony was presented to demonstrate that, and even under the debtor's view of what should have been billed, the debtor had fallen woefully short in making payments.

Pursuant to an oral decision at the May 2, 2013 hearing, the court ruled, for those reasons, that cause had been established to grant the motion to convert.  On May 7, 2013, the court

entered an order converting the case to chapter 7.[1] Then, on May 16, 2013, the debtor filed a *Motion to Alter or Amend the Order of Conversion, or in the Alternative, to Alter or Amend the Court's Findings of Fact*, a timely motion under Fed. R. Bankr. P. 9023.[2] On June 4, 2013, the court denied the debtor's *Motion to Alter or Amend the Order of Conversion, or in the Alternative, to Alter or Amend the Court's Findings of Fact*.[3] The debtor's *Motion to Alter or Amend* having been disposed of on June 4, 2013, under Fed. R. Bankr. P. 8002(b), the deadline for filing a notice of appeal from the order of conversion was June 18, 2013. On June 14, 2013, the debtor filed the *Motion* at issue (the *Motion to Certify Issues on Appeal and Extend Time for Filing Notice of*

---

[1] A trustee was immediately appointed, but he shortly withdrew, and on May 14, 2013, Marc E. Albert was appointed to act as the chapter 7 trustee. He immediately filed an application to employ counsel on his behalf.

[2] While that motion was pending, the trustee took further steps towards managing the property, incident to ultimate liquidation of the property, by filing an *Emergency Motion Pursuant to 11 U.S.C. § 721 to Authorize the Operation of Debtor's Business for a Limited Time*, and an *Emergency Application to Retain EMJ Realty Company Trading as Fred A. Smith Company as Property Management Company for the Estate Pursuant to 11 U.S.C. § 327*, motions that this court has granted as unopposed.

[3] The court noted that, DC Water having shown cause for conversion, the debtor had not made the two necessary showings, required by 11 U.S.C. § 1112(b)(2), to demonstrate "unusual circumstances" that might nevertheless warrant not converting the case.

*Appeal*).[4]  Absent a granting of an extension under Rule 8002(c), the deadline for filing a notice of appeal was and remains June 18, 2013.[5]

II

The order was not an interlocutory order, appealable only in the discretion of the appellate court, but a final order appealable of right.  *Rosson v. Fitzgerald (In re Rosson)*, 545 F.3d 764, 770 (9th Cir. 2008).  Either way, however, a timely notice of appeal must be filed to pursue the appeal.  Fed. R. Bankr. P. 8001(a) and (b).

III

The *Motion* requests this court to certify certain issues for appeal.  There is no procedure for certifying issues for appeal

---

[4]  The trustee has continued to move towards liquidating the estate after the filing of the debtor's *Motion*.  On June 21, 2013, the trustee filed his *Application to Authorize Retention of Realtors for the Estate*, and on June 25, 2013, he filed his *Application to Retain Accountants for the Chapter 7 Trustee Pursuant to 11 U.S.C. § 327*.  On July 1, 2013, the trustee filed his *Motion for Authority to (I) Sell Real Property Free and Clear of Any and All Liens and Interests Pursuant to 11 U.S.C. § 363 and (II) Assign Certain Residential Leases in Connection Therewith*.  That latter motion, if granted, would dispose of the debtor's building, its only significant asset.

[5]  Unlike a motion to alter amend under Rule 9023, the instant motion is not of a type specified in Rule 8002(b).  As such, the filing of this motion did not toll the time for filing a notice of appeal.  Moreover, courts have held that where successive post-judgment motions are made, only the first operates to toll the time period for filing of a notice of appeal with respect to the underlying judgment. *In re Vazquez*, 471 B.R. 752 (B.A.P. 1st Cir. 2012).

to the district court under 28 U.S.C. § 158(a). However, 28 U.S.C. § 158(d)(2)(A), dealing with direct appeals to the court of appeals, provides in relevant part:

> The appropriate court of appeals shall have jurisdiction of appeals described in the first sentence of subsection (a) **if the bankruptcy court** . . . acting . . . on the request of a party to the . . . order . . . described in such first sentence . . . **certif[ies] that**-
> (i) the . . . order . . . involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance;
> (ii) the . . . order . . . involves a question of law requiring resolution of conflicting decisions; or
> (iii) an immediate appeal from the . . . order . . . may materially advance the progress of the case or proceeding in which the appeal is taken;
> and, if the court of appeals authorizes the direct appeal of the . . . order . . . .

[Emphasis added.] The *Motion* fails to articulate any basis upon which this court could make a certification under § 158(d)(2)(A), and no such basis exists. The order converting the case to chapter 7 is plainly inappropriate for a direct appeal to the court of appeals, and I decline to make a certification under § 158(d)(2)(A).

IV

The debtor "requests an extension of time to file its Notice of Appeal until after this honorable Court certifies the issues for appeal." *Motion* at 3. Rule 8002(c)(1) provides, with exceptions of no relevance here, that the bankruptcy judge "may extend the time for filing the notice of appeal by any party."

5

Rule 8002(c)(2) requires that the motion for an extension of time:

> must be made by written motion filed before the time for filing a notice of appeal has expired, except that such a motion filed not later than 21 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect.

Here, the *Motion* seeking an extension of the time to appeal was filed before the time to file a notice of appeal had expired.[6] Accordingly, the debtor was not required to make a showing of excusable neglect.

Nevertheless, such a request for an extension of time requires a showing of cause. The use of the word "may" in Rule 8002(c)(1) demonstrates that the court has discretion to deny a motion to extend the time, and if no cause is shown for extending the time, it stands to reason that the court is fully justified in denying the request.

Moreover, Fed. R. Bankr. P. 9006(b)(1) provides the general rule regarding a request to enlarge the period to perform an act. When the request is filed before the period has expired, "the court **for cause shown** may at any time in its discretion . . . order the period enlarged . . . ." [Emphasis added.] In turn, Rule 9006(b)(3), in relevant part, provides that the court "may enlarge the time for taking action under [Rule] . . . 8002 . . .

---

[6] As already noted above, the instant motion was filed before the June 18, 2013 deadline expired, but it did not toll that deadline.

only to the extent and under the conditions stated in [that rule]." Accordingly, beyond the minimum requirement of showing cause set forth in Rule 9006(b)(1), any restrictions on granting an extension of time contained in Rule 8002 must be observed.[7] There is no suggestion that Rule 9006(b)(3) was intended to dispense with the minimum requirement of a showing of cause for an extension set forth in Rule 9006(b)(1).

To obtain an extension of the time to file a notice of appeal, the debtor was required to show some cause for enlarging the time. "The requirement of cause should be taken seriously and proceedings not delayed without reason." 10 Collier on Bankruptcy ¶ 9006.06[2] (15th ed. 2011).

No showing of cause has been made here. No certification was necessary to pursue an appeal to the district court. If, as here, the debtor intends to pursue an appeal to the district court if the bankruptcy court denies a request under § 158(d)(2)(A) to certify issues worthy for direct appeal to the court of appeals, the pendency of a request for a § 158(d)(2)(A) certification is not cause for deferring the time to file the notice of appeal to the district court. The request for an extension of time to file a notice of appeal must accordingly be

---

[7] Rule 8002(c)(1) lists orders for which no extension of the time to appeal is permissible, and, similarly in contrast to Rule 9006(b)(1), Rule 8002(c)(2) sets a deadline for filing a motion for extension after the period of the act to be enlarged has expired.

denied.

Other reasons, as well, support denying the request. First, by granting such an enlargement of the time to appeal, the court would be delaying the time for a designation of the record on appeal, and delaying transmission of the appeal to the district court.[8] This is a case that warrants expedition of any appeal: if the trustee is to be ousted by way of a vacating of the order of conversion, that should be done sooner rather than later. In the meantime since the order of conversion was filed, no stay of the order of conversion was sought, and the chapter 7 trustee has taken numerous steps towards liquidating the estate on behalf of creditors. If this court committed error in converting the case to chapter 7, delay in ousting the trustee, by reason of foot dragging in pursuing an appeal, is obviously not desirable: efforts at liquidating the estate are generating administrative expenses, and work undertaken in that regard might prove for naught if the debtor were to succeed in displacing the trustee via a successful appeal. Any ouster of the trustee should be sooner, rather than later.

Second, the debtor's *Motion* contends that "the Court's findings of fact were not representative of the facts introduced

---

[8] During the pendency of the debtor's *Motion*, the debtor has not caused the filing of a transcript of the hearing of May 2, 2013, which obviously would be needed if an appeal is to be pursued.

by the parties **which arguably supported the Court's granting of the Motion to Convert to Chapter 7**." [Emphasis added.] That the debtor believes that the court ought to have resolved any conflicts in the evidence in its favor does not demonstrate a basis for pursuing an appeal.  The evidence at the May 2, 2013, hearing, as the debtor recognizes, arguably supported the court's findings of fact, and those findings of fact would be reversible under Fed. R. Bankr. P. 8013 only if clearly erroneous.  If anything, it would have been clearly erroneous for the court to make findings that supported not converting the case to chapter 7.  The debtor's failure to articulate any basis upon which the court's findings of fact could be reversed as clearly erroneous strongly suggests that an appeal would be an utter waste.

      Accordingly, the request to extend the time to appeal will be denied.

V

  An order follows.

[Signed and dated above.]

Copies to: Recipients of e-notification of orders.